## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TEDDY CHIQUITO,

      Petitioner,

vs.                                             No. 1:18-cv-00963-KWR-SCY

UNITED STATES and
NAVAJO POLICE,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Error Coram Nobis filed by Petitioner, Teddy Chiquito. (Doc. 1). The Court will deny the Petition.

### Factual and Procedural Background

Shortly after midnight on May 25, 2002, Petitioner Chiquito became concerned that his fourteen-year-old daughter was attending a party at his ex-wife's home where alcohol was present. Mr. Chiquito drove to his ex-wife's home, where he found the daughter intoxicated. Although Mr. Chiquito was a police officer with the Navajo Nation Police Department, he was neither on duty nor in uniform that night, nor was he driving a police vehicle. Mr. Chiquito did, however, carry his Navajo Nation police-duty weapon with him into the party. *United States v. Chiquito*, 175 Fed. Appx 215 (10th Cir. 2006).

Shortly after Mr. Chiquito dragged his daughter from the house, a seventeen-year-old, P.H., approached him. Mr. Chiquito shot P.H. in the stomach in the altercation that followed. A second man, Jonah Toledo, approached and Mr. Chiquito shot him in the leg. Mr. Chiquito testified that he warned Mr. Toledo to stop and shot him when he kept charging. Mr. Toledo testified that he was ten yards away. *Id.*

Mr. Chiquito was indicted in case no. CR03-00892 MCA. (CR Doc. 1). A jury found Chiquito guilty on 3 counts: Count I -- 18 U.S.C. § 113(a)(3), Assault with a Dangerous Weapon; Count II --18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury; and Count V --18 U.S.C. § 924(c)(1)(A)(iii) Discharge of a Firearm During and in Relation to a Crime of Violence. (CR Doc. 109). On January 18, 2005, the Court sentenced him to two 24-month prison terms on Counts I and II, to be served concurrently, followed by a ten-year minimum mandatory consecutive sentence on Count V for a total term of incarceration of 144 months. (CR Doc. 127).

Mr. Chiquito filed an appeal asserting eight claims: (1) that the trial court abused its discretion in not allowing the jury to view the scene of the shootings; (2) *Belcher* and *Stengel* violations; (3) lack of a jury instruction the definition of serious bodily injury; (4) lack of medical records or expert testimony to support injuries (5) trial as an Indian rather than as a law enforcement officer; (6) double jeopardy; (7) obstruction of justice; and (8) qualified immunity. (Doc. 133 at 4). On April 6, 2006, the Tenth Circuit entered an Order and Judgment affirming this Court. (CR Doc. 133; *United States v. Chiquito*, 175 Fed. Appx 215 (10th Cir. 2006).

Petitioner Chiquito then filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. (CR Doc. 134). In his § 2255 motion, Chiquito raised the following issues:

> (1) ineffective assistance of counsel;
> (2) due process rights violated by conviction on Count V when defendant was innocent of any crime under 18 U.S.C. § 924(c);
> (3) conviction on Count V violated double jeopardy rights;
> (4) Sixth Amendment rights were violated when the Court denied defendant's *Booker* motion to strike paragraphs 11-25 of the Presentence Investigation Report.

(Doc. 134 at 4-8). He asked that his sentence be declared null and void. (CR Doc. 134). Under a 28 U.S.C. § 636(b) Order of Reference, the Magistrate Judge issued Proposed Findings and a

Recommended Disposition, recommending that the § 2255 motion be dismissed. (CR Doc. 139). The Court adopted the Magistrate Judge's recommendations and dismissed the case on November 20, 2007. (CR Doc. 144).

Petitioner Chiquito appealed the dismissal on November 28, 2007. (CR Doc. 145). On appeal, he asserted issues of violation of his due process rights, ineffective assistance of counsel, and violation of his Sixth Amendment rights by refusing to strike portions of the Presentence Investigation Report. (Doc. 147 at 2). The Tenth Circuit then denied a certificate of appealability on May 22, 2008. (CR Doc. 147).

Petitioner Chiquito filed his Petition for Writ of Error Coram Nobis on November 17, 2018. (Doc. 1). His Coram Nobis Petition raises four claims, including the issue that he was not tried as a law enforcement officer, ineffective assistance of counsel, no underlying crime of violence to support his conviction, and violation of the Navajo Bill of Rights. (Doc. 1 at 1-7). Chiquito's Prayer for Relief states:

> "Petitioner Teddy Chiquito suffered a miscarriage of justice at the hands of the Government and the Navajo Police, and with a defense counsel that is unqualified and untrained in representing a Navajo law enforcement officer. Teddy Chiquito, who was perfectly justified in an incident involving justified self-defense of 2002. The Petitioner now seeks order to voiding the judgment of conviction of 2004 upon Teddy Chiquito."

(Doc. 1 at 11).

## **Standards for a Writ of Error Coram Nobis**

A writ of coram nobis is an extraordinary remedy and relief is allowed only under compelling circumstances in order to achieve justice. *United States v. Morgan,* 346 U.S. 502, 511 (1948); *see also Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989) (Writ is available only to correct error that results in a complete miscarriage of justice.) Generally, courts will only issue the writ to correct errors of fact that, through no negligence on the part of the defendant, were not

3

part of the original record and that would have prevented rendition of the judgment questioned. *See United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001). To be entitled to coram nobis relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which would probably have altered the outcome of the challenged proceeding had it been known. *Johnson,* 237 F.3d at 755.

Due to its exceptional nature, a petitioner must satisfy stringent criteria to obtain a writ of coram nobis. The petitioner must demonstrate that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him. *Klein,* 880 F.2d at 254. In addition, the prisoner must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255. J*ohnson,* 237 F.3d at 755; *Goldstein v. United States Parole Comm.,* 940 F. Supp. 1505, 1508 (C.D.Cal.1996). Finally, the writ is usually only applied in cases where the petitioner has served his sentence and is no longer in custody or has not yet begun serving the challenged sentence. *Johnson,* 237 F.3d at 755; *Igo v. United States,* 303 F.2d 317, 318 (10th Cir.1962).

The further a case progresses through the remedial steps available to a criminal defendant, the more stringent the requirements for vacating a final judgment. Thus, direct review affords the greatest latitude for review and an initial habeas petition is easier for a criminal defendant to litigate than a successive one. The writ of error coram nobis lies at the far end of the continuum. *United States v. George*, 676 F.3d 249, 258 (1st Cir. 2012). Tenth Circuit precedent imposes a bar to coram nobis relief "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). In other words, a claim pressed through a coram nobis petition is ordinarily barred if the petitioner previously raised the claim in a § 2255 motion but was unsuccessful or simply failed to pursue the claim under § 2255

when petitioner could have. *See United States v. Tarango*, 670 F. App'x 981, 981 (10th Cir. 2016) A writ of *coram nobis* may not be used to litigate issues that were or could have been raised on direct appeal or through collateral litigation, including a 28 U.S.C. § 2255 motion. A petition for writ of coram nobis must be rejected if the claim was raised or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence. *See United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019); *United States v. Swindall*, 107 F.3d 831, 836 n.7 (11th Cir. 1997); *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172–73 (8th Cir. 1996); *United States v. Bartlett*, Nos. 90-6345, 90-6351, 1990 WL 135645, at *1 n.* (4th Cir. Sept. 20, 1990).

### **Analysis of Petitioner Chiquito's Claims**

Petitioner Chiquito has served his sentence and now seeks a writ of error Coram Nobis to have his criminal conviction declared void. (Doc. 1). However, Petitioner Chiquito is not entitled to Coram Nobis relief in this case. He does not demonstrate an error of fact, unknown at the time of trial, and of a fundamentally unjust character that would probably have altered the outcome of the challenged proceeding. *Johnson,* 237 F.3d at 755. To the contrary, all of the issues raised by Mr. Chiquito were known to and available to him at the time of his conviction in 2004. With one exception, all of his issues were raised and adjudicated against him either on direct appeal or through the § 2255 proceedings. *United States v. Payne*, 644 F.3d at 1112.

The Petition contends, first, that Chiquito was not tried as a law enforcement officer. (Doc. 1 at 4-6). This issue was raised by Chiquito in his direct appeal. (CR Doc. 133 at 4). The issue was rejected and his conviction was affirmed by the Tenth Circuit. (CR Doc. 133). Similarly, Petitioner Chiquito's claim of ineffective assistance of counsel (Doc. 1 at 1-5) was presented in his § 2255 motion. (CR Doc. 134 at 4). The argument was rejected by this Court and the Tenth

Circuit, finding no error, declined to issue a certificate of appealability. (CR Doc. 139, 144, 147). His claim of no underlying crime of violence to support his conviction (Doc. 1 at 1-5) was also raised and decided against him both in this Court and on appeal. (CR Doc. 139, 144, 147). The Court is barred from granting Coram Nobis relief on the issues that were previously raised by Chiquito and adjudicated against him on direct appeal and in prior collateral review proceedings. *United States v. Miles*, 923 F.3d at 804; *United States v. Tarango*, 670 F. App'x at 981.

Petitioner Chiquito asserts one claim that was not raised in his direct appeal or prior collateral review proceedings. He claims that his federal conviction violated the Navajo Bill of Rights. (Doc. 1 at 6-7). Violation of the Navajo Bill of Rights is a tribal, not a federal, question, and would not afford a basis to vacate or set aside Chiquito's federal conviction. 28 U.S.C. § 2255(a) (a federal conviction may be vacated or set aside only where it was imposed in violation of the Constitution or laws of the United States).

To the extent his claim that Navajo Police violated the Navajo Bill of Rights could not have been raised on direct appeal or under § 2255, it is not an issue that can be remedied through a writ of Coram Nobis. If the argument even presents a question of federal law, it could only be raised through a proceeding under the Indian Civil Rights Act and Petitioner would have needed to exhaust any tribal remedies before filing in this Court. 25 U.S.C. § 1303; *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1209 (10th Cir. 1999). Further, even if a violation of the Navajo Bill of Rights could be remedied through a writ of Coram Nobis, the claim was available to Petitioner at the time of his conviction and is not a factual error unknown at the time of trial that would afford a basis for Coram Nobis relief. *Johnson,* 237 F.3d at 755.

In this case, Petitioner Chiquito pursued both direct review and post-judgment collateral review under § 2255. He raised the same issues that he now brings by his Coram Nobis Petition. All of his claims were either raised on direct appeal and through his § 2255 motion or are not issues that can be remedied through a writ of error Coram Nobis. Therefore, the Court will deny his Petition for Writ of Error Coram Nobis and dismiss this proceeding.

**IT IS ORDERED** that the Petition for Writ of Error Coram Nobis filed by Petitioner Teddy Chiquito (Doc. 1) is **DENIED**, this case is **DISMISSED WITH PREJUDICE,** and Judgment will be entered.

**IT IS SO ORDERED.**

**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**