IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEDDY CHIQUITO,

    Petitioner,

vs.                                                                                                                                        No. 1:18-cv-00963-KWR-SCY

UNITED STATES and
NAVAJO POLICE,

    Respondents.

## ORDER DENYING MOTION AND AFFIDAVIT
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

**THIS MATTER** is before the Court under Fed. R. App. P. 24 on the Motion and Affidavit for Permission to Appeal in Forma Pauperis filed by Petitioner Teddy Chiquito (Doc. 10). The Court will deny the Motion and certify that Petitioner Chiquito's appeal is not taken in good faith.

Mr. Chiquito was indicted in case no. CR03-00892 MCA. (CR Doc. 1). A jury found Chiquito guilty on 3 counts: Count I -- 18 U.S.C. § 113(a)(3), Assault with a Dangerous Weapon; Count II --18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury; and Count V --18 U.S.C. § 924(c)(1)(A)(iii) Discharge of a Firearm During and in Relation to a Crime of Violence. (CR Doc. 109). On January 18, 2005, the Court sentenced him to two 24-month prison terms on Counts I and II, to be served concurrently, followed by a ten-year minimum mandatory consecutive sentence on Count V for a total term of incarceration of 144 months. (CR Doc. 127).

Mr. Chiquito filed an appeal asserting eight claims: (1) that the trial court abused its discretion in not allowing the jury to view the scene of the shootings; (2) *Belcher* and *Stengel* violations; (3) lack of a jury instruction the definition of serious bodily injury; (4) lack of medical records or expert testimony to support injuries (5) trial as an Indian rather than as a law

1

enforcement officer; (6) double jeopardy; (7) obstruction of justice; and (8) qualified immunity. (Doc. 133 at 4). On April 6, 2006, the Tenth Circuit entered an Order and Judgment affirming this Court. (CR Doc. 133; *United States v. Chiquito*, 175 Fed. App'x 215 (10th Cir. 2006).

Petitioner Chiquito then filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. (CR Doc. 134). In his § 2255 motion, Chiquito raised the following issues:

> (1) ineffective assistance of counsel;
> (2) due process rights violated by conviction on Count V when defendant was innocent of any crime under 18 U.S.C. § 924(c);
> (3) conviction on Count V violated double jeopardy rights;
> (4) Sixth Amendment rights were violated when the Court denied defendant's *Booker* motion to strike paragraphs 11-25 of the Presentence Investigation Report.

CR(Doc. 134 at 4-8). He asked that his sentence be declared null and void. (CR Doc. 134). Under a 28 U.S.C. § 636(b) Order of Reference, the Magistrate Judge issued Proposed Findings and a Recommended Disposition, recommending that the § 2255 motion be dismissed. (CR Doc. 139). The Court adopted the Magistrate Judge's recommendations and dismissed the case on November 20, 2007. (CR Doc. 144).

Petitioner Chiquito appealed the dismissal on November 28, 2007. (CR Doc. 145). On appeal, he asserted issues of violation of his due process rights, ineffective assistance of counsel, and violation of his Sixth Amendment rights by refusing to strike portions of the Presentence Investigation Report. (CR Doc. 147 at 2). The Tenth Circuit then denied a certificate of appealability on May 22, 2008. (CR Doc. 147).

Petitioner Chiquito filed his Petition for Writ of Error Coram Nobis on November 17, 2018. (Doc. 1). His Coram Nobis Petition raises four claims, including the issue that he was not tried as a law enforcement officer, ineffective assistance of counsel, no underlying crime of violence to

support his conviction, and violation of the Navajo Bill of Rights. (Doc. 1 at 1-7). Chiquito's Prayer for Relief states:

> "Petitioner Teddy Chiquito suffered a miscarriage of justice at the hands of the Government and the Navajo Police, and with a defense counsel that is unqualified and untrained in representing a Navajo law enforcement officer. Teddy Chiquito, who was perfectly justified in an incident involving justified self-defense of 2002. The Petitioner now seeks order to voiding the judgment of conviction of 2004 upon Teddy Chiquito."

(Doc. 1 at 11).

On April 28, 2021, this Court entered its Memorandum Opinion and Order denying Chiquito's Petition for Writ of Error Coram Nobis. (Doc. 7). The Court denied his Petition on the grounds that Petitioner Chiquito is not entitled to Coram Nobis relief in this case. He does not demonstrate an error of fact, unknown at the time of trial, and of a fundamentally unjust character that would probably have altered the outcome of the challenged proceeding. *United States v. Johnson,* 237 F.3d 751, 755 (6th Cir.2001). To the contrary, all of the issues raised by Mr. Chiquito were known to and available to him at the time of his conviction in 2004. With one exception, all of his issues were raised and adjudicated against him either on direct appeal or through the § 2255 proceedings. *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). (Doc. 7 at 5). To the extent his claim that Navajo Police violated the Navajo Bill of Rights could not have been raised on direct appeal or under § 2255, it does not present a federal question that can be remedied through a writ of Coram Nobis. (Doc. 7 at 5-6).

Chiquito filed his Notice of Appeal, appealing from the Court's denial of his Coram Nobis Petition on May 24, 2021. (Doc. 7). At the same time, Petitioner Chiquito filed his Affidavit in support of a motion for permission to appeal *in forma pauperis* under Fed. R. App. P. 24(c). In his Affidavit, he states that the issue he intends to raise on appeal is "District Court abuse discretion in dismissing coram nobis, as issues raised are substantial material." (Doc. 10 at 2).

Rule 24 of the Federal Rules of Appellate Procedure states:

"[A]ny party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

>(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>(B) claims an entitlement to redress; and
>(C) states the issues that the party intends to present on appeal."

Fed. R. App. P. 24(a)(1). Plaintiff Chiquito's Motion complies with the formal requirements of Rule 24 for requesting leave to proceed *in forma pauperis* on appeal.[1]

However, the Court determines under Fed. R. App. P. 24(a)(3)(A) that Petitioner Chiquito's appeal is not taken in good faith. First, the issue Chiquito intends to raise is an issue of abuse of discretion by the Court. However, the Court's ruling on Chiquito's Coram Nobis Petition was not a matter of judicial discretion. Instead, the Court denied Chiquito's Petition on the grounds that Chiquito had failed as a matter of law to meet the stringent requirements for a Writ of Error Coram Nobis. *See Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989); *Johnson,* 237 F.3d at 755; Doc. 7 at 3-6. Chiquito does not raise any legal or factual error in the Court's ruling.

Further, as set out in the Court's Memorandum Opinion and Order, all of Chiquito's Coram Nobis issues were available to him at the time of judgment on his original criminal conviction and sentence, all but one of the issues were presented and adjudicated in several post-conviction proceedings, and the sole new issue is not cognizable in a Coram Nobis proceeding. His appeal is not taken in good faith. *See United States v. Hanks*, 340 F. Supp. 625, 627–28 (D. Kan. 1972).

Under Fed. R. App. P. 24(a)(4), the Court will direct the Clerk to notify the Court of

---

[1] The Court notes that, based on Petitioner Chiquito's Affidavit (Doc. 10 at 2-7), Petitioner appears to have sufficient assets available to him to pay the docketing fee on appeal and that his Motion could be denied on that alternative grounds.

Appeals of this denial of Petitioner Chiquito's Motion and Affidavit for Permission to Appeal in Forma Pauperis and certification that the appeal is not taken in good faith. Chiquito is advised that he may file a motion for leave to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this Order. Fed. R. App. P. 24(a)(5).

    **IT IS ORDERED** that the Motion and Affidavit for Permission to Appeal in Forma Pauperis filed by Petitioner Teddy Chiquito on May 24, 2021 (Doc. 10) is **DENIED**, the Court **CERTIFIES** that the appeal is not taken in good faith, and the Court **DIRECTS** the Clerk to notify the Court of Appeals of this denial and certification.

                                                    _____
                                                    **KEA W. RIGGS**
                                                    **UNITED STATES DISTRICT JUDGE**